NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

SILAS DEON WHITE, *Petitioner*.

No. 1 CA-CR 17-0757 PRPC
FILED 6-14-2018

Petition for Review from the Superior Court in Maricopa County
No. CR2014-124716-001
The Honorable Jay R. Adleman, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Silas Deon White, San Luis
*Petitioner*

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Paul J. McMurdie joined.

**C A M P B E L L**, Judge:

¶1          Petitioner Silas Deon White petitions this court for review from the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review but deny relief.

¶2          A jury convicted White of possession of narcotic drugs for sale, a class 2 felony, and sale or transportation of narcotic drugs, a class 2 felony. Prior to sentencing, White requested to proceed *pro se* with advisory counsel, and the superior court granted his request. White was sentenced to two concurrent terms of 15.75 years' imprisonment on October 2, 2015. On November 6, 2015, White filed a motion for a delayed notice of appeal and an untimely notice of appeal. The superior court did not rule on the motion for a delayed notice of appeal, and this court dismissed the untimely notice of appeal for lack of jurisdiction.

¶3          White filed a timely notice of request for post-conviction relief. He claimed he was denied due process because he did not receive a fair trial as a result of judicial misconduct and resulting prejudice. In response, the State claimed White's arguments should have been raised in a direct appeal and were therefore precluded under Arizona Rule of Criminal Procedure ("Rule") 32.2(a). In his reply, White claimed the untimeliness of his notice of appeal was through no fault of his own, but rather the failure of his appointed advisory counsel. The superior court considered White's reply, but summarily denied relief.

¶4          In his petition for review to this court, White reiterates his claims regarding judicial misconduct as well as specifically citing to Rule 32.1(f), which provides relief from preclusion if "the failure to file a . . . notice of appeal within the required time was not the defendant's fault." Again, White alleges the failure to file a timely notice of appeal was the fault of his advisory counsel — an allegation he raised not only in his reply before the superior court, but in his motion for a delayed notice of appeal. White alleged that advisory counsel explicitly told him, after the sentencing hearing while he was being rushed from the courtroom, that he would file the notice of appeal but did not do so.

¶5          In December 2017, over two years after filing, the superior court discovered that it had never ruled upon White's motion for a delayed notice of appeal. The court deemed White's motion a Rule 32.1(f) request, found good cause appearing, and granted him 30 days to file a delayed notice of appeal with this court, which White did.

**¶6**      Because White has now obtained the restoration of his right to a direct appeal, and because he may now raise any issues relating to judicial misconduct and resulting prejudice in that direct appeal, we grant review but deny relief.

